**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

EDOUARD CLAYPOOL,                    )
                                     )
        Petitioner,          )
                                     )
    v.                           )          No. 4:13CV01960 ERW
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.          )

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Edouard Claypool's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 1], filed September 25, 2013.

## I.    BACKGROUND

On March 14, 2012, a federal grand jury sitting in St. Louis charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).[1] Petitioner, who was in custody of the State of Missouri at the time of the indictment, was brought into federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum issued March 16, 2012. On June 27, 2012, Petitioner pled guilty to the one-count indictment in accordance with a plea agreement.

Petitioner appeared before the Court for sentencing on October 5, 2012, and received a 45-month term of imprisonment and a two-year term of supervised release. The judgment called for Petitioner's sentence to run concurrently with the sentence he was already serving in state custody. After sentencing, he was returned to state custody to serve the remainder of his state sentence.

---

[1] The underlying criminal case has a CM/ECF number of 4:12CR00099 ERW-1.

On December 5, 2012, Petitioner filed, with this Court, a Request for Clarification of Sentence/Time Served, in which he asked the Court to grant him jail time credit from December 14, 2011, the date of his arrest, to March 14, 2012, the date of federal indictment. The Court forwarded this request to the United States Probation Office, which explained Petitioner's federal sentence computation began on October 5, 2012, the day of his sentencing; thus, he could not receive credit toward his federal sentence for time served before October 5, 2012.

Petitioner completed his state sentence, and, on June 17, 2013, was transferred to the custody of the United States Bureau of Prisons to complete his federal sentence. On August 14, 2013, Petitioner filed a second Request for Clarification of Sentence, in which he sought credit for the 15-month period from March 21, 2012, the date he was brought into federal custody pursuant to the Writ of Habeas Corpus Ad Prosequendum, to June 17, 2013, the date he was transferred from state to federal custody upon completion of his state sentence. The Court referred the matter to the United States Probation Office, which responded (1) Petitioner could not receive credit for time spent in custody prior to October 5, 2012, the date of his sentencing, because such time was credited against his state sentence, and (2) Petitioner had already received credit on his federal sentence for time spent in custody beginning October 5, 2012, and continuing for the duration of his time in state custody.

Petitioner filed the instant Motion on September 25, 2013, asserting he should receive jail time credit on his current federal sentence for time served from March 21, 2012, the date he came into federal custody pursuant to the Writ of Habeas Corpus Ad Prosequendum, through October 5, 2012, the date of his federal sentencing.

## II.   LEGAL STANDARD

A federal prisoner seeking relief may "move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  In order to be granted relief under § 2255, Petitioner must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice."  *U.S. v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *U.S. v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).  Post-conviction motions attacking the execution of a sentence, however, must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241.  A motion pursuant to § 2241 must be brought in the district in which the prisoner is incarcerated.  *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

## III.   DISCUSSION

In filing a § 2255 motion, a federal prisoner asks the Court to correct a wrongful sentence.  To do so in the instant case, Petitioner must demonstrate his sentence is wrongful and the result of injustice.  *Gomez*, 326 F.3d at 974.  Petitioner's Motion seeks a change in computation of his sentence; it does not argue the sentence itself is the result of injustice.  Thus, Petitioner's claim should not be brought under § 2255.  *Bell v. U.S.*, 48 F.3d 1042, 1043 (8th Cir. 1995) (A prisoner's claim of improper denial of jail time credit cannot be brought under § 2255, because he is "not contending that his conviction is illegal, he is only contesting the execution of his sentence.").  In any event, district courts lack authority to credit a prisoner's sentence.  *U.S. v. Wilson*, 503 U.S. 329, 333 (1992).  Rather, "the Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit[.]"  *U.S. v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

Accordingly, Petitioner's claim falls beyond the scope of a § 2255 motion. Instead, Petitioner may properly bring his claim before the Bureau of Prisons and exhaust his administrative remedies pursuant to 28 C.F.R. §§ 542.10 through 542.16. *Id.* After exhausting his administrative remedies, a prisoner may seek relief under 28 U.S.C. § 2241, by filing a motion with the federal court located in the district where he is incarcerated. *Matheny*, 307 F.3d at 711.

## V.     RIGHT TO EVIDENTIARY HEARING

The Court may dismiss a § 2255 motion without an evidentiary hearing, if Petitioner's "allegations, accepted as true, would not entitle the [movant] to relief[.]" *Tinajero-Ortiz v. U.S.*, 635 F.3d at 1105. Accepting the factual allegations in Petitioner's Motion as true, Petitioner has still failed to provide grounds upon which the Court could act. Until Petitioner exhausts his administrative remedies and files a petition for habeas corpus under 28 U.S.C. § 2241, the district courts lack authority to credit his sentence.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Edouard Claypool's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**.

Dated this  3rd  day of February, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE